EXHIBIT A

Electronically Filed
6/27/2017 11:45 AM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
   **STEVEN M. BURRIS, ESQ.**
2  Nevada Bar No. 000603
   sb@steveburrislaw.com
3  **SAMUEL B. BENHAM, ESQ.**
   Nevada Bar No. 003677
4  samb@steveburrislaw.com
   **LAW OFFICES OF STEVEN M. BURRIS**
5  2810 W. Charleston Boulevard, Suite F-58
   Las Vegas, Nevada 89102
6  (702) 258-6238 - Telephone
   (702) 258-8280 - Facsimile
7
8  *Attorneys for Plaintiffs*

9              **DISTRICT COURT**

10          **CLARK COUNTY, NEVADA**

11  JIMMY PETERSON, individually, and as        CASE NO.: A-17-756486-C
    Guardian ad Litem for CHARLOTTE-MARIE       DEPT. NO.: III
12  SMITH-PETERSON, a minor,

13                    Plaintiffs,

14  vs.

15  TELICIA DA'SHANEE HALL, an individual;
    NEW PRIME, INC., a Foreign Corporation;
16  and DOES I through X, inclusive,

17                    Defendants.

18

19              **COMPLAINT**

20      Plaintiffs, JIMMY PETERSON, individually, and as Guardian ad Litem for

21  CHARLOTTE-MARIE SMITH-PETERSON, a minor, by and through their attorney of record,

22  STEVEN M. BURRIS, ESQ. of the LAW OFFICES OF STEVEN M. BURRIS, and for their

23  causes of action against Defendants, and each of them, complain and allege as follows:

24                    I.

25      At all times relevant herein, Plaintiff JIMMY PETERSON ("PETERSON"), is and was a

26  resident of Clark County, Nevada.

27  . . .

28  . . .

Law Offices Of
**STEVEN M. BURRIS**
A Limited Liability Corporation
2810 W. Charleston Boulevard
Suite F-58
Las Vegas, Nevada 89102

## II.

Plaintiff JIMMY PETERSON is the duly appointed as Guardian ad Litem for Plaintiff CHARLOTTE-MARIE SMITH-PETERSON ("CHARLOTTE"), a minor and resident of Clark County, Nevada.

## III.

Upon information and belief, and at all times relevant herein, Defendant TELICIA DA'SHANEE HALL ("HALL") is and was a resident of Springfield, Missouri and acting within the course and scope of her employment with Defendant NEW PRIME, INC . ("NEW PRIME").

## IV.

At all times relevant herein, Defendant NEW PRIME is and was a Nebraska Corporation and the employer of Defendant HALL and was doing business in Clark County, Nevada.

## V.

All events alleged herein occurred in Clark County, Nevada.

## VI.

That the true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as DOES I through X, inclusive, are unknown to the Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and therefore allege that each of the Defendants designated herein as DOE is legally responsible in some manner for the events and happenings herein referred to and caused damages proximately to Plaintiffs as herein alleged, and Plaintiffs will ask leave of the Court to amend the Complaint to insert the true names and capacities of DOES I through X, inclusive, when the same have been ascertained, and to join such Defendants in the action.

## VII.

On or about June 26, 2016, Plaintiff PETERSON was the driver of a vehicle traveling westbound on Warm Springs Road ("Warm Springs"). Plaintiff CHARLOTTE, a minor, was a passenger in Plaintiff PETERSON's vehicle. Plaintiff PETERSON had come to a stop for a red light at the Warm Springs and Dean Martin Drive intersection. Defendant HALL was driving a commercial tractor/trailer truck ("tractor/trailer") westbound on Warm Springs. The tractor/trailer

1   was owned by Defendant NEW PRIME.  Defendant HALL had stopped the tractor/trailer for a red

2   light in a left turn lane next to Plaintiff PETERSON's vehicle.  When the left turn arrow light

3   changed to green, Defendant HALL began to make a left turn into the intersection.  While

4   Defendant HALL was making a left turn, the rear door of the tractor/trailer's trailer opened and

5   crashed into the rear window of Plaintiff PETERSON's vehicle shattering the window and causing

6   glass shards to be projected into the interior of Plaintiff PETERSON's vehicle.  The rear door of

7   the tractor/trailer then snagged Plaintiff PETERSON's vehicle dragging the vehicle and violently

8   spinning Plaintiff PETERSON's vehicle approximately 360 degrees.  The glass shards, collision's

9   impact and spinning caused Plaintiffs PETERSON and CHARLOTTE, a minor, to sustain the

10  injuries and damages set forth below.

11          Defendant HALL was negligent per se in that he violated statutes or codes concerning

12  duties of commercial motorists.  Defendant HALL was further negligent for failing to properly

13  inspect the tractor/trailer, operating the tractor/trailer with an unsafe load and operating the

14  tractor/trailer in a negligent manner.

15                                          **VIII.**

16          At the time of the aforesaid collision, Defendant HALL was an agent, servant or employee

17  of Defendant NEW PRIME and was acting within the course and scope of his agency, servant or

18  employment relationship with Defendant NEW PRIME.

19                                          **IX.**

20          Under the legal doctrine of *respondeat superior*, Defendant NEW PRIME is vicariously liable

21  for the negligence of Defendant HALL and the resulting damages suffered by Plaintiffs PETERSON

22  and CHARLOTTE, a minor.

23                                          **X.**

24          As a direct and proximate result of the foregoing negligence of Defendant HALL, Plaintiffs

25  PETERSON and CHARLOTTE, a minor, have been and will in the future be caused to suffer

26  disability, mental and physical pain and suffering, disfigurement, loss of enjoyment of life, hedonic

27  damages and loss of household services, all to their general damages in excess of Ten Thousand

28  Dollars ($10,000.00).

## XI.

As a further direct and proximate result of the negligence of Defendant HALL, Plaintiffs PETERSON and CHARLOTTE, a minor, have been caused, and will in the future be caused, to incur medical bills and expenses incidental thereto in an amount to be determined at the time of trial.

## XII.

As a further direct and proximate result of the aforesaid negligence of Defendant HALL, Plaintiff PETERSON has been caused and may in the future be caused to sustain loss of income and/or impairment of earning capacity, the exact amount of which shall be determined at the time of trial.

WHEREFORE, Plaintiffs, expressly reserving the right to amend this Complaint at time of trial of action herein to include all items of damage not yet ascertained, demand judgment against Defendants, as follows:

1.   For general and compensatory damages against Defendants individually, jointly and severally, in accordance with proof at trial, in excess of Ten Thousand Dollars ($10,000.00);

2.   For special damages against Defendants individually, jointly and severally, in accordance with proof at trial;

3.   For an award of reasonable attorney's fees;

4.   For the costs of suit incurred herein;

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

5.    For prejudgment and post-judgment interest at the maximum amount allowed by law; and,

6.    For such other and further relief as the Court deems just and proper.

DATED this _____ day of June, 2017.

LAW OFFICES OF STEVEN M. BURRIS

By: _____
Steven M. Burris, Esq.
Nevada Bar No.  000603
sb@steveburrislaw.com
Samuel B. Benham, Esq.
Nevada Bar No.  003677
samb@steveburrislaw.com
2810 W. Charleston Boulevard, Suite F-58
Las Vegas, Nevada 89102
*Attorneys for Plaintiffs*