J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR**
**MORTENSEN & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JIMMY PETERSON, individually, and as Guardian ad Litem for CHARLOTTE-MARIE-SMITH-PETERSON, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>TELICIA DA'SHANEE HALL, an individual; NEW PRIME, INC., a Foreign Corporation; and DOES I through X, inclusive<br><br>Defendants. | CASE NO:   2:17-cv-01860-JCM-CWH<br><br>**DEFENDANT NEW PRIME, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**JURY DEMAND** |

COMES NOW Defendant NEW PRIME, INC., by and through its counsel of record, the law firm of ALVERSON, TAYLOR, MORTENSEN & SANDERS, and answering Plaintiffs' Complaint on file herein admits, denies and alleges as follows:

1.   Answering Paragraph I of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in said Paragraph and therefore denies the same.

. . .

. . .

1

2. Answering Paragraph II of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in said Paragraph and therefore denies the same.

3. Answering Paragraph III of Plaintiffs' Complaint, upon information and belief, Defendant admits the allegations contained in said Paragraph.

4. Answering Paragraph IV of Plaintiffs' Complaint, Defendant admits the allegations contained in said Paragraph.

5. Answering Paragraph V of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in said Paragraph and therefore denies the same.

6. Answering Paragraph VI of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in said Paragraph and therefore denies the same.

7. Answering Paragraph VII of Plaintiffs' Complaint, Defendant denies that Defendant Hall was negligent per se, and further denies that Defendant Hall was negligent. Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in said Paragraph and therefore denies the same.

8. Answering Paragraph VIII of Plaintiffs' Complaint, upon information and belief, Defendant admits the allegations contained in said Paragraph.

9. Answering Paragraph IX of Plaintiffs' Complaint, said Paragraph calls for a legal conclusion which Defendant can neither admit nor deny. To the extent said Paragraph contains factual allegations, Defendant denies each and every allegation contained in said Paragraph.

10. Answering Paragraph X of Plaintiffs' Complaint, Defendant denies each and every allegation contained in said Paragraph.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

11. Answering Paragraph XI of Plaintiffs' Complaint, Defendant denies each and every allegation contained in said Paragraph.

12. Answering Paragraph XII of Plaintiffs' Complaint, Defendant denies each and every allegation contained in said Paragraph.

## CLAIMS FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the requested relief as contained within Plaintiffs' Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation contained in Plaintiffs' Complaint that is not specifically admitted to be true.

## FIRST AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs' Complaint on file herein fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the damages, if any, were caused in whole or in part, or were contributed to by reason of the negligence or wrongful conduct of Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

All risks and dangers involved in the factual situation described in the Complaint were open, obvious, and known to Plaintiffs and said Plaintiffs voluntarily assumed said risks and dangers.

## FOURTH AFFIRMATIVE DEFENSE

The incident alleged in the Complaint and the resulting damages, if any, to Plaintiffs were proximately caused or contributed to by Plaintiffs' own negligence, and such negligence was greater than the alleged negligence of Defendants.

KNW 24900

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the occurrence referred to in the Complaint, and all injuries and damages, if any, resulting therefrom, which Defendant denies, were caused by the acts or omissions of a third party over whom Defendant had no control.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has fully performed and discharged all obligations owed to Plaintiffs, including meeting the requisite standard of care to which Plaintiffs were entitled.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained any injuries or damages, which Defendant denies, such were the result of intervening and/or superseding events, factors, occurrences, or conditions, which were in no way caused by Defendants, and for which Defendants are not liable.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs had a duty to mitigate their alleged damages and failed to do so.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations and/or repose.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that if it is found negligent, and Defendant denies all allegations of negligence, that it is not jointly liable and would be only severally liable for the portion of the claim that represents the percentage of negligence attributable to it.

. . .

. . .

. . .

. . .

KNW 24900

**ELEVENTH AFFIRMATIVE DEFENSE**

All possible affirmative defenses may not have been alleged herein insofar as insufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer and Defendant therefore reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

**JURY DEMAND**

Defendant hereby demands a full trial by jury on all issues in this matter.

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiffs take nothing by way of their Complaint on file herein;

2. For reasonable attorneys' fees and costs incurred in defending this litigation; and

3. For such other and further relief as this Court may deem just and proper.

Dated this 13th day of July, 2017.

        ALVERSON, TAYLOR
        MORTENSEN & SANDERS

        */s/ Karie N. Wilson*
        J. BRUCE ALVERSON, ESQ.
        Nevada Bar No. 1339
        KARIE N. WILSON, ESQ.
        Nevada Bar No. 7957
        6605 Grand Montecito Pkwy, Ste. 200
        Las Vegas, NV 89149
        702-384-7000 Phone
        702-385-7000 Fax
        Attorneys for Defendants

KNW 24900

**CERTIFICATE OF ELECTRONIC SERVICE**

I certify that on the 13th day of July, 2017, service of the above and foregoing **DEFENDANT NEW PRIME, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** was made by electronically filing a true and correct copy of the same to each party addressed as follows:

Steven M. Burris, Esq.
sb@steveburrislaw.com
Samuel B. Benham, Esq.
samb@steveburrislaw.com
LAW OFFICES OF STEVEN M. BURRIS
2810 W. Charleston Blvd., Ste. F-58
Las Vegas, NV 89102
702-258-6238 Phone
702-258-8280 Fax
*Attorneys for Plaintiffs*

_____
Employee of ALVERSON, TAYLOR
MORTENSEN & SANDERS

n:\bruce.grp\z-client\24900\pleadings\answer new prime.docx

KNW 24900